1
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
2
SAN ANTONIO DIVISION

3  UNITED STATES OF AMERICA        )
                                   )
4           v.                     )    Docket No. 5:23-cr-00499-OLG-5
                                   )
5  KRISTIN HARRISON,               )    San Antonio, Texas
                                   )    August 7, 2024
6           Defendant.             )
   _____)
7
             TRANSCRIPT OF REARRAIGNMENT/PLEA HEARING
8             BEFORE THE HONORABLE HENRY J. BEMPORAD
                  UNITED STATES MAGISTRATE JUDGE
9
   A P P E A R A N C E S:
10
   FOR THE GOVERNMENT:
11  Daphne Danille Newaz
   Assistant United States Attorney
12  601 NW Loop 410, Suite 600
   San Antonio, TX 78216
13
   FOR DEFENDANT HARRISON:
14  Joey Contreras
   Ramos & del Cueto, PLLC
15  823 Hoefgen Ave.
   San Antonio, TX 78210
16
   COURT RECORDER:  FTR Gold
17
   Proceedings reported by electronic sound recording.  Transcript
18  produced by computer-aided transcription.

19

20

21

22

23

24

25

REARRAIGNMENT/PLEA HEARING

```
 1        (2:47 p.m.)
 2            THE COURT:  Good afternoon.  Please be seated.
 3      I have four cases set for rearraignment and guilty plea
 4   proceedings today.  Let me call out the case numbers, get
 5   announcement of counsel in each of the cases.
 6        First case is SA:22-CR-183, defendant number five,
 7   United States of America v. Richard Hernandez.
 8            MS. NEWAZ:  Good afternoon, Your Honor.  Daphne Newaz
 9   for the United States.
10            THE COURT:  Good afternoon.
11            MR. LANE:  Good afternoon, Your Honor.  This is -- my
12   name's Thomas Lane.  I'm John Hunter's law partner.  He's sick
13   today, and I'm stepping in for him and --
14            THE COURT:  All right.
15            MR. LANE:  -- representing Mr. Hernandez.
16            THE COURT:  All right.  Very well.  Thank you.
17      You may be seated, sir.  Thank you.
18      The next case is SA:21-CR-381, United States of America v.
19   Eric McCants.
20      Do we have announcement of prosecution counsel?
21            MS. NEWAZ:  Daphne Newaz for the United States.
22            THE COURT:  All right.  Good --
23            MR. KIMMELMAN:  Good afternoon, Your Honor.  David
24   Kimmelman for Mr. McCants.  Ready.
25            THE COURT:  All right.  Very well.  Thank you.
```

REARRAIGNMENT/PLEA HEARING

 1      You may be seated.

 2      Then I have SA:23-CR-387, defendant number seven,

 3 United States of America v. Carla Jo Salazar.

 4           MR. LEACHMAN:  Hi, Judge.  Russ Leachman for the

 5 United States.  Ready.

 6           THE COURT:  Good afternoon.

 7           MS. GIESE:  And Erica Giese on behalf of Carla Jo

 8 Salazar, Your Honor.

 9           THE COURT:  Good afternoon to you as well.

10      And then the last case is SA:23-CR-499, defendant number

11 five, United States of America v. Kristin Harrison.

12           MS. NEWAZ:  Daphne Newaz for the government.

13           THE COURT:  Thank you.

14           MR. CONTRERAS:  Good afternoon, Your Honor.  Joey

15 Contreras for the defendant.  We're ready to proceed.

16           THE COURT:  All right.  Very well.  Thank you.

17      You may be seated.

18      I have one question in the case of Mr. Hernandez about the

19 plea agreement, that I thought I'd address with the parties

20 before we get started.  It looks like the parties have agreed

21 to forfeiture, but I don't know that I saw a forfeiture

22 provision in the plea agreement.  I was wondering what we --

23 what was that issue about, if the parties knew.  There is a

24 long list of firearms to be forfeited in the case.  I do not

25 know if Mr. Hernandez had any ownership interest in those

1  firearms.  That was my concern.

2      And I may have missed it.  There's a number of plea

3  agreements today.  I don't think I saw it in the plea

4  agreement.  Let me hear from defense if you know, sir.

5          MR. LANE:  I do not believe he had any ownership in

6  those firearms.  But (inaudible), Judge.

7          MS. NEWAZ:  And are you correct.  There's not a

8  forfeiture provision in the plea agreement.

9          THE COURT:  So I'm going to skip over that part of the

10  agreement.  If there does turn out to be a forfeiture issue,

11  that should be addressed at sentencing.  All right.  Very well.

12  That was my only question.  Thank you.

13      All right.  Ladies and gentlemen, I understand from the

14  attorneys that each of you has decided to enter a plea of

15  guilty to one or more of the charges in these indictments I

16  have before me.  It's my job to make sure your decisions are

17  knowing and voluntary; that you understand the nature of the

18  charges against you and the consequences you could face by

19  pleading guilty.  I have to make sure that you understand your

20  constitutional rights, your rights to trial and so forth, the

21  rights that you give up by pleading guilty today.  I also have

22  to make sure that there is a factual basis to support the

23  pleas.

24      Now, to do all these things, I'm going to need to ask each

25  of you some questions.  And so I'm going to ask my courtroom

1  deputy to place you under oath at this time.

2        THE CLERK:  Raise your right hand, please.

3    *(The oath was administered)*

4        THE CLERK:  Thank you.  You may lower your hand.

5        THE COURT:  All right.  Now, first question I need to

6  ask each of you is I want to make sure that you're

7  understanding the proceedings and can understand my questions.

8  So let me ask you this, whether currently you're suffering from

9  any physical ailment or taking any sort of medication, have any

10  sort of physical or mental condition or under the influence of

11  drugs or alcohol, anything like that that would make it

12  difficult for you to understand me at this time.

13    Any problems like that, Mr. Hernandez?

14        DEFENDANT HERNANDEZ:  No, sir.

15        THE COURT:  Mr. McCants?

16        DEFENDANT McCANTS:  No, sir.

17        THE COURT:  Ms. Salazar, any problems like that,

18  ma'am?

19    Or you, Ms. --

20        DEFENDANT SALAZAR:  No, sir.

21        THE COURT:  Or you, Ms. Harrison?

22        DEFENDANT HARRISON:  No, Your Honor.

23        THE COURT:  And Ms. Newaz, did you have something to

24  -- you wanted to mention?  I just saw you standing up.  Just

25  checking.

1    MS. NEWAZ:  Oh, no, Your Honor.

2    THE COURT:  Okay.  Just checking.  Thank you.

3    Let me ask whether the counsel has any doubts as to the

4 competency of their clients.  For Mr. Hernandez?

5    MR. LANE:  No, I do not, Your Honor.

6    THE COURT:  For Mr. McCants?

7    MR. KIMMELMAN:  No, Your Honor.

8    THE COURT:  For Ms. Salazar?

9    MS. GIESE:  No, Your Honor.

10    THE COURT:  Or for Ms. Harrison?

11    MR. CONTRERAS:  None, Your Honor.

12    THE COURT:  All right.  Now, Ms. Harrison,

13 Ms. Salazar, gentlemen, you've been placed under oath.  This

14 means you have to answer my questions truthfully.  If you were

15 to answer them falsely, you could be prosecuted for that, for

16 perjury or for false statement.  So if at any time you need me

17 to repeat a question or you need to speak to your attorneys

18 before answering a question, that's fine.  Let me know.  I'll

19 give you an opportunity to talk to your attorneys.

20    So let's look at the documents that have brought you to

21 court today.  Each of you is here under an indictment charging

22 one or more offenses.  The first thing I want to point out

23 about the indictments is the case numbers because they will

24 tell you the judge that these indictments are pending before.

25    So in the cases of Ms. Harrison and also Mr. Hernandez,

REARRAIGNMENT/PLEA HEARING

1 | it's pending before OLG, Orlando Garcia.  In the cases of
2 | Mr. McCants and Ms. Salazar, it's pending before XR, Xavier
3 | Rodriguez.  These are the district judges in your cases.  These
4 | are the judges who will be imposing sentence in your cases.

5 | Now, you have the right to plead guilty before the district
6 | judge or, if you agree, you can consent to plead guilty before
7 | me, today, a magistrate judge.

8 | So let me start with you, if I may, Mr. Hernandez.  Do you
9 | agree to plead guilty before me today?

10 | DEFENDANT HERNANDEZ:  Yes, sir.

11 | THE COURT:  All right.  How about you, Mr. McCants?

12 | DEFENDANT McCANTS:  Yes, Your Honor.

13 | THE COURT:  You may remain seated during the
14 | proceedings.  Thank you, sir.

15 | Ms. Salazar, do you agree to plead guilty before me today?

16 | DEFENDANT SALAZAR:  Yes, sir.

17 | THE COURT:  And you, Ms. Harrison?

18 | DEFENDANT HARRISON:  Yes, Your Honor.

19 | THE COURT:  All right.  Now, let's look a little bit
20 | more carefully at these documents to see what's -- what the
21 | charges are and what you're proposing to plead guilty to.

22 | I'm going to start with you, Mr. Hernandez.  You're here
23 | under a document that's a first superseding indictment.  There
24 | was an earlier indictment that this one supersedes.  It
25 | actually -- it charges five people with a total of 17 different

REARRAIGNMENT/PLEA HEARING

1  charges, but you're not agreeing to plead guilty to all those

2  charges.  Instead, you're only pleading guilty to two charges

3  today, Count 1, which is a conspiracy to possess -- receive and

4  possess stolen firearms, and then also Count 6, which charges

5  being a felon in possession of this firearm.

6      Let me ask you, sir, have you discussed these two charges

7  with your attorney?

8           DEFENDANT HERNANDEZ:  Yes, sir.

9           THE COURT:  All right.  Do you understand the nature

10 of those two charges, sir?

11          DEFENDANT HERNANDEZ:  Yes, sir.

12          THE COURT:  All right.  There's a plea agreement in

13 your case, appears to be signed by you and your attorney and

14 the attorney or the government.  Did you review each of the

15 paragraphs of the plea agreement with your attorney?

16          DEFENDANT HERNANDEZ:  Yes, sir.

17          THE COURT:  Did you sign it, sir?

18          DEFENDANT HERNANDEZ:  Yes, sir.

19          THE COURT:  And do you agree to it?

20          DEFENDANT HERNANDEZ:  Yes, sir.

21          THE COURT:  All right.  Then as to the charges in the

22 indictment, Count 1, conspiracy to possess stolen firearms, and

23 Count 6, felon in possession of a firearm, how do you plead

24 sir; guilty or not guilty?

25          DEFENDANT HERNANDEZ:  Guilty, sir.

1          THE COURT:  All right.  Now, in your case,

2    Mr. McCants, this indictment has a number of charges as well,

3    but you're not agreeing to plead guilty to all these charges.

4    Instead, you're only agreeing to plead guilty to the first two

5    charges.  Both are charges of production of child pornography,

6    in Count 1 and Count 2 of the indictment.  Let me ask you, sir,

7    have you discussed these charges with your attorney?

8          DEFENDANT McCANTS:  Yes, Your Honor.

9          THE COURT:  All right.  Do you understand the nature

10   of the charges, sir?

11         DEFENDANT McCANTS:  Yes, Your Honor.

12         THE COURT:  All right.  There's a plea agreement in

13   your case as well.  Did you review each of the paragraphs of

14   the plea agreement with your attorney?

15         DEFENDANT McCANTS:  I did, Your Honor.

16         THE COURT:  Did you sign it?

17         DEFENDANT McCANTS:  I did, Your Honor.

18         THE COURT:  And do you agree to it?

19         DEFENDANT McCANTS:  Yes, Your Honor.

20         THE COURT:  All right.  Then as to Counts 1 and 2 of

21   the indictment against you, how do you plead, sir; guilty or

22   not guilty?

23         DEFENDANT McCANTS:  Guilty, sir.

24         THE COURT:  All right.  Now let me turn to your case,

25   Ms. Salazar.  In your case there's a large number of

REARRAIGNMENT/PLEA HEARING

1  defendants, 17, and there are many counts as well.  But, again,

2  you're not agreeing to plead guilty to all these charges.

3  Instead, you're only agreeing to plead guilty to one charge,

4  that's Count 3, which is a charge of money laundering, proceeds

5  of drug trafficking.

6      Let me ask you, ma'am, have you discussed this charge with

7  your attorney?

8          DEFENDANT SALAZAR:  Yes, sir.

9          THE COURT:  All right.  Do you understand the nature

10  of the charge against you, ma'am?

11          DEFENDANT SALAZAR:  Yes, sir.

12          THE COURT:  All right.  There's also plea agreement

13  documents in your case.  Did you go over each of the paragraphs

14  of those documents with your attorney?

15          DEFENDANT SALAZAR:  Yes, sir.

16          THE COURT:  Did you sign them?

17          DEFENDANT SALAZAR:  Yes, sir.

18          THE COURT:  And do you agree to them?

19          DEFENDANT SALAZAR:  That's right, sir.

20          THE COURT:  All right.  Very well.  Then as to Count 3

21  of the indictment against you, charging money laundering, how

22  do you plead, ma'am; guilty or not guilty?

23          DEFENDANT SALAZAR:  Guilty, sir.

24          THE COURT:  All right.  Now, finally, let me turn to

25  your case, Ms. Harrison.  In your case there's also more than

1  one count, but you're not agreeing to plead guilty to more than

2  one count.  Instead, you're only agreeing to plead guilty to

3  Count 2, which is a conspiracy to defraud the United States

4  with regard to a Small Business Administration matter.

5       Let me ask you, ma'am, have you discussed this charge with

6  your attorney?

7            DEFENDANT HARRISON:  Yes, Your Honor.

8            THE COURT:  All right.  Do you understand the nature

9  of the charge against you?

10            DEFENDANT HARRISON:  Yes, Your Honor.

11            THE COURT:  All right.  And with regard to the plea

12  agreement, did you review each of the paragraphs of the plea

13  agreement with your attorney?

14            DEFENDANT HARRISON:  Yes, Your Honor.

15            THE COURT:  Did you sign it?

16            DEFENDANT HARRISON:  Yes, Your Honor.

17            THE COURT:  And do you agree to it?

18            DEFENDANT HARRISON:  Yes, Your Honor.

19            THE COURT:  All right.  Then as to the charge in Count

20  2, conspiracy to defraud the United States, how do you plead,

21  ma'am; guilty or not guilty?

22            DEFENDANT HARRISON:  Guilty, Your Honor.

23            THE COURT:  All right.  Now, for all of you, before I

24  can recommend to the district judges that your pleas be

25  accepted, I need to advise you of the rights you're giving up

1    by pleading guilty today.  Each of you have the right to plead

2    not guilty.  If you pled not guilty, it'd be the government's

3    burden to prove your guilt at trial.  You'd have a right to be

4    represented by your attorneys throughout the proceedings, to

5    cross-examine any witness against you, to present your own

6    witnesses in your defense.  You'd have the right to testify in

7    your own defense.  But if you chose not to testify, you'd have

8    the right to remain silent, and it couldn't be held against you

9    if you decided not to testify.

10       Most importantly, you would be presumed innocent of any

11   charge against you.  It'd be the government's burden to prove

12   your guilt beyond a reasonable doubt to a jury.

13       Mr. Hernandez, do you understand these rights?

14             DEFENDANT HERNANDEZ:  Yes, sir.

15             THE COURT:  Mr. McCants?

16             DEFENDANT McCANTS:  Yes, Your Honor.

17             THE COURT:  Ms. Salazar, do you understand these

18   rights, ma'am?

19             DEFENDANT SALAZAR:  Yes, sir.

20             THE COURT:  And you, Ms. Harrison?

21             DEFENDANT HARRISON:  Yes, Your Honor.

22             THE COURT:  All right.  Now, by pleading guilty today,

23   you're giving up these rights.  You're allowing the district

24   judge to find you guilty based solely on the statements you're

25   making to me today.

REARRAIGNMENT/PLEA HEARING

1    Do you understand, Mr. Hernandez?

2        DEFENDANT HERNANDEZ:  Yes, sir.

3        THE COURT:  Mr. McCants?

4        DEFENDANT McCANTS:  Yes, sir.

5        THE COURT:  Ms. Salazar, do you understand?

6        DEFENDANT SALAZAR:  Yes, sir.

7        THE COURT:  And you, Ms. Harrison?

8        DEFENDANT HARRISON:  Yes, Your Honor.

9        THE COURT:  All right.  Now, let's -- I also want to

10   talk to you about the consequences you could face by pleading

11   guilty, the maximum penalties and so forth.  Those matters are

12   set out right in the plea agreements.

13   So I'll start with you, Mr. Hernandez.  You remember,

14   Mr. Hernandez, I mentioned there were two different counts

15   you're pleading guilty to.  They carry two different penalty

16   ranges.  The first charge, the conspiracy to receive and

17   possess firearms, the maximum term of imprisonment is five

18   years.  The maximum term of supervised release is three years.

19   There is a $250,000 fine that applies and a hundred dollar

20   special assessment.

21   And the government is also, I believe, seeking restitution

22   on that matter, if there is restitution ordered at sentencing,

23   but they're not seeking to forfeit anything.

24   With regard to the other count, this is the felon in

25   possession of a firearm, the maximum penalty, I believe, is ten

REARRAIGNMENT/PLEA HEARING

1  years imprisonment because of the age of this case.

2      Is that correct, Ms. Newaz?  This is before the penalty was

3  increased.

4          MS. NEWAZ:  Yes, sir.

5          THE COURT:  All right.  Maximum term of supervised

6  release is three years.  Maximum fine is $250,000, and there's

7  a hundred dollar special assessment.

8      Do you understand, Mr. Hernandez?

9          DEFENDANT HERNANDEZ:  Yes, sir.

10          THE COURT:  All right.  Now, in your case,

11  Mr. McCants, I mentioned there's two counts, the same kind of

12  charge, so the same penalty ranges.  For imprisonment, it's 15

13  to 30 years; for supervised release, five years to life of

14  supervised release.  Maximum fine is $250,000.  However, there

15  can be special assessments of a hundred, 5,000 and $50,000 that

16  can apply.  And you have agreed to restitution in the amount of

17  $50,000 per count or per victim.

18      Do you understand, sir?

19          DEFENDANT McCANTS:  Yes, sir.

20          THE COURT:  Also, the government may seek to forfeit

21  items used in the offense as well.  Do you understand?

22          DEFENDANT McCANTS:  Yes, sir.

23          THE COURT:  All right.  Oh.  And finally, I should

24  mention, in regards to your case, the -- upon conviction, you

25  would have to register under the Sex Offender Registration and

REARRAIGNMENT/PLEA HEARING

1    Notification Act.  You understand?

2              DEFENDANT McCANTS:  Yes, Your Honor.

3              THE COURT:  All right.  Now, in your case,

4    Ms. Salazar, you will see the penalty range right on the front

5    page of the complaint for -- I'm sorry -- the plea agreement.

6    For the charge in Count 3, you're facing up to 20 years of

7    imprisonment, a maximum term of -- it says five years of

8    supervised release.  Let me check with the parties.

9       Is that a three-year supervised release or five years for

10   money laundering charge?  I will be frank.  I did not go back

11   and look at the statute, and I don't know if the parties have a

12   view -- typically for a 20-year, it's three years.

13             MR. LEACHMAN:  It's three.

14             THE COURT:  But money laundering may be different.

15             MR. LEACHMAN:  It's three.

16             THE COURT:  I think it's -- thank you, Mr. Leachman.

17   That's what I thought as well.

18      Maximum of three years of supervised release.  There also a

19   200 -- a $250,000 fine or twice the amount of the money

20   laundered for the fine and a hundred dollar special assessment.

21   These would be the maximum penalties you could face,

22   Ms. Salazar, upon your guilty plea.

23      Do you understand that?

24             DEFENDANT SALAZAR:  Yes, sir.

25             THE COURT:  All right.  And then, finally, in your

REARRAIGNMENT/PLEA HEARING

1    case, Ms. Harrison, the maximum term of imprisonment's five

2    years.  Maximum term of supervised release is three years.

3    Maximum fine is $250,000, and there's a hundred dollar special

4    assessment that applies.

5        Do you understand, ma'am?

6            DEFENDANT HARRISON:  Yes, Your Honor.

7            THE COURT:  All right.  And I'm right, Mr. Contreras,

8    that there's no restitution involved in that?  Is there a

9    restitution agreement in your case?

10           MR. CONTRERAS:  No.  There's no restitution.

11           MS. NEWAZ:  That is correct.

12           THE COURT:  All right.  Just wanted to -- that's what

13   it looked like.  I just wanted to doublecheck.  All right.

14       Now, I want to talk to each of you about a couple of these

15   penalties in more detail.  First, imprisonment.  In determining

16   whether to impose an imprisonment term or what imprisonment

17   term to impose, the district judge has to consider something

18   called the sentencing guidelines.  They're a set of rules

19   created by the Sentencing Commission in Washington, and they

20   set up a range of punishment for each defendant based on the

21   nature of the offense of conviction, any criminal history

22   someone might have and other matters.

23       What you need to understand is, those guidelines, they're

24   advisory only.  That means the judge has to consider them, but

25   he doesn't have to follow them.  He can depart from the

REARRAIGNMENT/PLEA HEARING

1  guidelines for reasons identified by the Sentencing Commission,

2  or he can simply reject the guidelines and impose any sentence

3  he thinks is appropriate in the statutory ranges that I

4  mentioned before.

5       Let me start with you, Mr. Hernandez.  Have you discussed

6  the guidelines with your attorney, and do you understand

7  they're advisory only in your case?

8            DEFENDANT HERNANDEZ:  Yes, sir.

9            THE COURT:  How about you, Mr. McCants?

10           DEFENDANT McCANTS:  Yes, Your Honor.

11           THE COURT:  Ms. Salazar, do you understand?

12           DEFENDANT SALAZAR:  Yes, sir.

13           THE COURT:  All right.  And you, Ms. Harrison?

14           DEFENDANT HARRISON:  Yes, Your Honor.

15           THE COURT:  All right.  I also wanted to mention

16  supervised release.  There's no parole in the federal system.

17  So if imprisonment's imposed, that's the time you will do, less

18  only a small amount of time off for good time.  There is,

19  however, supervised release.  It works like parole.  You're

20  released on certain conditions.  You have to follow those

21  conditions.  If you fail to follow those conditions, you can

22  have your release revoked and go back to prison without credit

23  for the time you had on release.

24       Do you understand, Mr. Hernandez?

25           DEFENDANT HERNANDEZ:  Yes, sir.

REARRAIGNMENT/PLEA HEARING

1          THE COURT:  Mr. McCants?

2          DEFENDANT McCANTS:  Yes, Your Honor.

3          THE COURT:  Ms. Salazar, do you understand?

4          DEFENDANT SALAZAR:  Yes, sir.

5          THE COURT:  And you, Ms. Harrison?

6          DEFENDANT HARRISON:  Yes, Your Honor.

7          THE COURT:  All right.  Let me ask you, Mr. Hernandez,

8   are you a citizen of the United States?

9          DEFENDANT HERNANDEZ:  Yes, sir.

10         THE COURT:  How about you, Mr. McCants?

11         DEFENDANT McCANTS:  Yes, Your Honor.

12         THE COURT:  Ms. Salazar, are you a citizen of the

13  United States?

14         DEFENDANT SALAZAR:  Yes, sir.

15         THE COURT:  All right.  And you, Ms. Harrison?

16         DEFENDANT HARRISON:  Yes, Your Honor.

17         THE COURT:  All right.  The reason I ask is, for

18  non-citizens, there can be other consequences I have to

19  discuss.

20      Knowing all the consequences that I've mentioned, do you

21  still wish to plead guilty today?  Mr. Hernandez?

22         DEFENDANT HERNANDEZ:  Yes, sir.

23         THE COURT:  Mr. McCants?

24         DEFENDANT McCANTS:  Yes, Your Honor.

25         THE COURT:  Ms. Salazar?

1      DEFENDANT SALAZAR:  Yes, sir.

2      THE COURT:  And you, Ms. Harrison?

3      DEFENDANT HARRISON:  Yes, Your Honor.

4      THE COURT:  All right.  Now, I also want to talk to

5  you about the plea agreement documents in your cases because in

6  these agreements you've agreed to do some things, and the

7  government's agreed to do some things.  One of the things you

8  agree to do is waive your right to appeal your sentence.  Now,

9  that goes back to the guideline matters and the sentencing

10  matters I just mentioned.  You might disagree with the way that

11  the judge calculates the guidelines in your case, or you might

12  disagree with the sentence he chooses to impose.  Normally

13  you'd have the right to appeal that to a higher court.  But in

14  exchange for the concessions of the government, you're giving

15  up the right to appeal in these plea agreement documents.

16      Do you understand, Mr. Hernandez?

17      DEFENDANT HERNANDEZ:  Yes, sir.

18      THE COURT:  Mr. McCants?

19      DEFENDANT McCANTS:  Yes, Your Honor.

20      THE COURT:  Ms. Salazar, do you understand?

21      DEFENDANT SALAZAR:  Yes, sir.

22      THE COURT:  And you, Ms. Harrison?

23      DEFENDANT HARRISON:  Yes, Your Honor.

24      THE COURT:  All right.  Now, the government's agreed

25  to do some things as well.  I mentioned in each of your case

REARRAIGNMENT/PLEA HEARING

1   there are these other charges.  They've agreed to dismiss those

2   other charges against you.  If they fail to dismiss the other

3   charges, you have the right to withdraw your plea.

4       But they've also agreed to make some sentencing

5   recommendations that could benefit you in the cases, for

6   example, not to oppose an adjustment for acceptance of

7   responsibility, other guideline matters that might reduce your

8   guideline range.

9       With regards to that, you need to understand, the ultimate

10  sentence is up to the district judge.  And even if the district

11  judge rejects the government's recommendations, you can't

12  withdraw your plea.

13      Do you understand, Mr. Hernandez?

14          DEFENDANT HERNANDEZ:  Yes, sir.

15          THE COURT:  Mr. McCants, do you understand?

16          DEFENDANT McCANTS:  Yes, Your Honor.

17          THE COURT:  Ms. Salazar, do you understand, ma'am?

18          DEFENDANT SALAZAR:  Yes, sir.

19          THE COURT:  You, Ms. Harrison?

20          DEFENDANT HARRISON:  Yes, Your Honor.

21          THE COURT:  All right.  Let me ask you this, with the

22  exception of the promises and the predictions in the plea

23  agreement, has anybody made another promise to you or another

24  specific prediction to you as to what your sentence will be?

25  Mr. Hernandez?

REARRAIGNMENT/PLEA HEARING

 1          DEFENDANT HERNANDEZ:  No, sir.

 2          THE COURT:  Mr. McCants?

 3          DEFENDANT McCANTS:  No, Your Honor.

 4          THE COURT:  Ms. Salazar?

 5          DEFENDANT SALAZAR:  No, sir.

 6          THE COURT:  Or you, Ms. Harrison?

 7          DEFENDANT HARRISON:  No, Your Honor.

 8          THE COURT:  All right.  Has anyone forced you or

 9  threatened you or coerced you in any way into pleading guilty

10  today?  Mr. Hernandez?

11          DEFENDANT HERNANDEZ:  No, sir.

12          THE COURT:  Mr. McCants?

13          DEFENDANT McCANTS:  No, Your Honor.

14          THE COURT:  Ms. Salazar?

15          DEFENDANT SALAZAR:  No, sir.

16          THE COURT:  Or you, Ms. Harrison?

17          DEFENDANT HARRISON:  No, Your Honor.

18          THE COURT:  All right.  Now, the last thing I need to

19  determine is whether there's a factual basis to support your

20  pleas.  In other words, are there facts the government could

21  prove that would support these charges against you.  In each of

22  your cases the government has set out the facts they believe

23  they could prove beyond a reasonable doubt right in the plea

24  agreement.

25      So I'll start with you, Mr. Hernandez.  Did you review the

```
1   facts in the plea agreement with your attorney?
2            DEFENDANT HERNANDEZ:  I believe so, Judge.
3            THE COURT:  And do you agree with those facts, sir?
4            DEFENDANT HERNANDEZ:  Yes, sir.
5            THE COURT:  All right.  How about you, Mr. McCants?
6   Did you review the facts in the plea agreement with your
7   attorney?
8            DEFENDANT McCANTS:  I did, Your Honor.
9            THE COURT:  All right.  And do you agree with them,
10  sir?
11           DEFENDANT McCANTS:  Yes, Your Honor.
12           THE COURT:  All right.  Mr. Hernandez, did you have a
13  question for your attorney?
14           DEFENDANT HERNANDEZ:  Oh, I apologize, sir.
15           THE COURT:  No.  It's all right.  Did you get a chance
16  to review those facts?
17           DEFENDANT HERNANDEZ:  Yes, sir.
18           THE COURT:  All right.  Very well.
19     Ms. Salazar, same question for you.  Did you review the
20  facts in the plea agreement with your -- with your attorney?
21           DEFENDANT SALAZAR:  Yes, sir.
22           THE COURT:  Do you agree with those facts, ma'am?
23           DEFENDANT SALAZAR:  Yes, sir.
24           THE COURT:  All right.  Ms. Harrison, same question
25  for you.  Did you review the facts with your attorney in the
```

1  plea agreement?

2          DEFENDANT HARRISON:  Yes, Your Honor.

3          THE COURT:  And do you agree with them, ma'am?

4          DEFENDANT HARRISON:  Yes, Your Honor.

5          THE COURT:  All right.  Very well.

6     Any questions about anything we've covered today,

7  Ms. Harrison?

8          DEFENDANT HARRISON:  No, Your Honor.

9          THE COURT:  Ms. Salazar, any question about anything

10 that we have covered today?

11         DEFENDANT SALAZAR:  No, sir.

12         THE COURT:  How about you, Mr. McCants?

13         DEFENDANT McCANTS:  No, Your Honor.

14         THE COURT:  Or you, Mr. Henderson [sic]?

15         DEFENDANT HERNANDEZ:  (No audible response).

16         THE COURT:  All right.  Very well.  Then I'll make the

17 following findings.  I find that each of the defendants is

18 competent to proceed today.  They agreed to proceed before me,

19 a magistrate judge.  They understand the nature of the charges

20 against them and the consequences they could face by pleading

21 guilty.  Each of the defendants understands their

22 constitutional rights and statutory rights.  They've decided to

23 waive those rights and enter a guilty plea in these cases.

24    I find that each of the pleas is freely, knowingly and

25 voluntarily made and that there's a factual basis to support

REARRAIGNMENT/PLEA HEARING

1 each of the pleas.

2     I, therefore, will recommend to the district court that the

3 pleas be accepted and a judgment of guilt be entered at the

4 appropriate time.

5     Now, I did want to speak to you all briefly about

6 sentencing in your cases.

7     Ms. Harrison, your case is set for sentencing November 7th

8 at 9:30 in the morning.

9     Ms. Salazar, November 6th at 1:30 in the afternoon.

10     Mr. McCants, same time, November 6th at 1:30 in the

11 afternoon.

12     And Mr. Hernandez, the next week, November 14th, at 9:30 in

13 the morning.

14     Now, in advance of the sentencing hearing, in each of your

15 cases, the probation officers are going to create something

16 called a presentence report. Now, that's a report that has

17 information about you and your background, criminal history,

18 the offense and the guidelines that I mentioned before. As

19 part of creating that report, the probation officers will

20 probably want to interview each of you.

21     Now, you have the right to have your attorneys present for

22 the interview. You have a right to object to anything you

23 disagree with in the report. You have the right to comment on

24 the report at sentencing. And each of you will have the right

25 to speak to the judge before sentence is imposed.

REARRAIGNMENT/PLEA HEARING

1    Now, the last thing I wanted to take up is with Ms. Salazar

2  and also with Ms. Harrison.  In each of your cases I see that

3  you're on bond, and I believe I received a pretrial services

4  status report that indicates that each of you is in compliance

5  with the conditions of bond.  So it's my intention to allow you

6  to remain on bond on those same conditions unless there's an

7  objection from the government.

8         MS. NEWAZ:  I have no objection for Ms. Harrison.

9         THE COURT:  Okay.

10         MR. LEACHMAN:  Nor on Ms. Salazar, Your Honor.

11         THE COURT:  All right.  Very well.  Then I'm going to

12  allow you to remain on bond on the exact same conditions that

13  you've been under.  I urge you to stay in compliance with the

14  conditions of bond.  As your attorneys can tell you, one of the

15  worst things you can do is violate bond right before your

16  sentencing.

17    Anything further from the government in Mr. Hernandez's

18  case?

19         MS. NEWAZ:  No, Your Honor.

20         THE COURT:  Or -- and I guess also for Ms. Salazar?

21  Are you --

22         MR. LEACHMAN:  No, Your Honor.

23         THE COURT:  Okay.  I'm getting them out of order.

24  Mr. Hernandez, Mr. McCants and Ms. Harrison, are those the

25  ones -- I might have gotten it wrong again.

REARRAIGNMENT/PLEA HEARING

```
 1              MS. NEWAZ:  I am here for everyone except Ms. Salazar.
 2              THE COURT:  Got it.
 3              MS. NEWAZ:  Nothing further for them.
 4              THE COURT:  All right.  Anything further on behalf of
 5   Ms. Salazar in your --
 6              MR. LEACHMAN:  No, Your Honor.
 7              THE COURT:  -- case?
 8        All right.  Sorry about that.
 9        Anything further on behalf of Mr. Hernandez at this time?
10              MR. LANE:  Nothing further.
11              THE COURT:  For Mr. McCants?
12              MR. KIMMELMAN:  No, Your Honor.  Thank you.
13              THE COURT:  For Ms. Salazar?
14              MS. GIESE:  No, Your Honor.
15              THE COURT:  Or for Ms. Harrison?
16              MR. CONTRERAS:  No.  Thank you, Your Honor.
17              THE COURT:  All right.  That concludes the proceedings
18   at this time.  We're in recess.
19   * * *
20        (3:08 p.m.)
21
22
23
24
25
```

REARRAIGNMENT/PLEA HEARING

1              -oOo-

2      I, court approved transcriber, certify that the foregoing

3   is a correct transcript from the electronic sound recording of

4   the proceedings in the above-entitled matter.

5

6   Date:  1/17/2025     /s/ Chris Poage
                          Approved Transcriber
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25